**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 21-cv-02900-RM-STV

POPSOCKETS LLC,

     Plaintiff,

v.

FLYGRIP, INC.,

     Defendant.

---

## ORDER

---

This declaratory judgment action is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 53) to deny Defendant's Motion to Dismiss (ECF No. 11). Defendant has filed an Objection to the Recommendation (ECF No. 56), and Plaintiff has filed a Response (ECF No. 57). For the reasons below, the Court overrules the Objection and adopts the Recommendation.

## I.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## II.     BACKGROUND

Defendant sent Plaintiff a letter dated October 12, 2021, accusing it of selling "handheld device grips that infringe one or more of [Defendant's] patents."  (ECF No. 1-7 at 3.)  On the same day, Defendant sent a nearly identical letter to Otter Products LLC (*see* ECF No. 1-8 at 5), another company with its principal place of business in Colorado which has filed a separate declaratory judgment action that is before this Court.  The letters identify four patents— United States Patent Nos. 8,844,098, 10,406,671, 10,800,024, and 10,953,535—and specifically cite, "by way of example only," Plaintiff's line of PopGrip products and claim 2 of the '024 patent.  (ECF No. 1-7 at 3.)  The letter to Plaintiff suggests that it "have its patent counsel examine the patents to determine whether it would like to take a non-exclusive license to the patents" and that Defendant and Plaintiff engage "in discussions regarding the amount of renumeration appropriate to remedy [Plaintiff's] use of the patents."  (*Id.*)

Six days later, Defendant filed lawsuits for patent infringement against Amazon, Inc. and Walmart, Inc. in the United States District Court for the Western District of Texas.  In each case, Defendant alleges that the corporate retailers indirectly infringe claim 2 of the '024 patent by selling Plaintiff's products.

Plaintiff filed its Complaint in this case on October 28, 2021, seeking a declaratory judgment that it does not infringe the four patents identified in Defendant's letter.  Defendant's Motion to Dismiss was referred to the magistrate judge for a Recommendation.  After it was fully briefed, the magistrate judge rejected each of Defendant's five grounds for dismissal or, alternatively, staying or transferring the case and recommended that the Motion be denied in its entirety.

### III.   ANALYSIS

In its Objection, Defendant requests de novo review of the Recommendation on each of the five grounds for dismissal asserted in its Motion to Dismiss.  However, only sufficiently specific objections are subject to de novo review.  With respect to the aspects of the Recommendation not addressed in the Objection, the Court finds the magistrate judge's analysis was thorough and sound and discerns no error on the face of the record.

### A.   Personal Jurisdiction

Plaintiff is a Colorado company with its principal place of business here, and Defendant is a New York corporation with its principal place of business there.  Federal Circuit law governs the issue of personal jurisdiction in patent cases.  *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002).  To determine whether asserting jurisdiction over an out-of-state defendant comports with due process, the Federal Circuit considers (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is "reasonable and fair."  *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

The plaintiff bears the burden of proof on the first two factors, which correspond with the familiar "minimum contacts" analysis.  *See id.*  If the "minimum contacts" requirement is satisfied, the burden shifts to the defendant to present a compelling case that jurisdiction would be unreasonable.  *Apple Inc. v. Zipit Wireless, Inc.*, 30 F. 4th 1368, 1375 (Fed. Cir. 2022) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  In *Burger King*, the Supreme Court listed five factors courts may evaluate to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice": (1) the burden on the defendant; (2) the

forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining

convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most

efficient resolution of controversies, and (5) the shared interest in the several states in furthering

fundamental substantive social policies.  477 U.S. at 476-77.

A patentee in a declaratory judgment action does not subject itself to personal jurisdiction

in a forum solely by informing a party who happens to be located there of suspected

infringement.  *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1154 (Fed. Cir. 2021).  At the

same time, "there is no general rule that demand letters can never create specific personal

jurisdiction."  *Id.* at 1156.  Instead, Supreme Court precedent has established that

"communications sent into a state may create specific personal jurisdiction, depending on the

nature and scope of such communications" and that "a broad set of a defendant's contacts with a

forum are relevant to the minimum contacts analysis."  *Id.* at 1155-56.

Here, the magistrate judge first determined that Defendant's enforcement letters alone

were sufficient to satisfy the "minimum contacts" requirement.  Defendant does not object to this

determination.  The magistrate judge then concluded that Defendant failed to make a compelling

case that exercising jurisdiction would be unreasonable, particularly in light of its extensive

communications in 2019 and 2020 with Plaintiff regarding the license or sale of the patents.

Though these communications ceased before Plaintiff filed this lawsuit, the magistrate judge

concluded that Defendant reignited those contacts by filing the Texas lawsuits, which

specifically identify Plaintiff's products and the '024 patent.  *See Apple, Inc.*, 30 F.4th at 1380

(concluding patentee reignited contacts from four years earlier by filing an infringement action in

another forum); *see also id.* ("However stale [the patentee's] contacts might have become absent

intervening action by [the patentee], they were ripe when Apple filed its declaratory judgment

action.").  The magistrate judge rejected Defendant's contention that its efforts to sell the patents did not relate to its ability or obligation to enforce or defend them and found it irrelevant that Plaintiff, rather than Defendant, appeared to have initiated the negotiation process.  (ECF No. 53 at 23-24.)  At the same time, the magistrate judge was not persuaded that Defendant's sale of its own products in Colorado or the Texas lawsuits themselves constituted relevant contact with Colorado.

Citing no authority, Defendant argues in its Objection that the magistrate judge erred by concluding the 2019 and 2020 communications were relevant because the purpose behind those communications was for Plaintiff to acquire Defendant's patents, and they did not involve Defendant's enforcement of the patents.  (*See* ECF No. 56 at 2.)  To the extent such a distinction can be drawn, the Court is not persuaded that it renders the magistrate judge's analysis erroneous.  Defendant and Plaintiff engaged in nearly two years of negotiation and discussion about the patents that are at the core of this case.  Thus, Defendant went beyond merely informing a party who happens to be in Colorado of suspected infringement; rather, as in *Trimble*, its attempts to license or sell the patents were more akin to an arms-length negotiation in anticipation of a long-term continuing business relationship.  997 F.3d at 1157.  Further, as noted by Plaintiff in its Response, Defendant does not object to the magistrate judge's application of the *Burger King* factors in assessing whether the assertion of personal is fair and reasonable under the circumstances.  (ECF No. 57 at 3.)  Accordingly, the Court agrees with the magistrate judge's conclusion that this case relates to Defendant's 2019 and 2020 contacts with Colorado, and Defendant has failed to make a compelling showing that exercising jurisdiction would be unreasonable in light of such contacts.

### B.     Discretionary Declaratory Judgment Jurisdiction

Under the Declaratory Judgment Act, the Court has discretion hear a declaratory

judgment action—that discretion is "an opportunity, rather than a duty." *Wilton v. Seven Falls*

*Co.*, 515 U.S. 277, 288 (1995).  In the Tenth Circuit, the five-factor test in *St. Paul Fire and*

*Marine Insurance Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995), is used to assess whether

a court should exercise its discretionary jurisdiction.  Those factors include the following:

> (1) whether a declaratory action would settle the controversy; (2) whether it would
> serve a useful purpose in clarifying the legal relations at issue; (3) whether the
> declaratory remedy is being used merely for the purpose of "procedural fencing" or
> to provide an arena for a race to res judicata; (4) whether use of a declaratory action
> would increase friction between our federal and state courts and improperly
> encroach upon state jurisdiction; and (5) whether there is an alternative remedy
> which is better or more effective.

*Id.* (quotation omitted).

The magistrate judge concluded that the first two factors were neutral, that the third

factor did not weigh against exercising jurisdiction, and that the fourth and fifth factors weighed

in favor of exercising jurisdiction.  Therefore, the magistrate judge recommended denying

Defendant's request that the Court decline to exercise jurisdiction.

In its Objection, Defendant argues that excluding the '671, '098, and '535 patents,

infringement of the '024 patent is the only remaining issue, and that will be resolved in the Texas

litigation.  But, as discussed below, the Court does not accept Defendant's position that the other

three patents are "out of the case" at this stage.  Moreover, Defendant still has not explained how

Plaintiff's intervention in the Texas cases is a better, or even feasible, alternative remedy.

Accordingly, the Court concurs with the magistrate judge's weighing of each of the *St. Paul Fire*

factors and overrules Defendant's Objection on this basis.

C.      **First-to-File Rule**

The magistrate judge rejected Defendant's argument that the case should be stayed, dismissed, or transferred under the "first-to-file" rule, finding that the "customer-suit" exception applies.  Where, as here, a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement, the suit by the manufacturer generally takes precedence.  *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).  "The 'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."  *Id.*; *see also Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006) ("[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy.").  "Application of the first-to-file rule is generally a matter for a district court's discretion, exercised within governing legal constraints."  *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed Cir. 2013).

The magistrate judge found that the customers in the Texas lawsuits—Amazon and Walmart—are merely resellers of Plaintiff's products and that they both had agreed to be bound by the declaratory judgment actions pending in this District.  The magistrate judge also noted that whether Plaintiff's products infringe Defendant's patents is a "major issue" in the Texas lawsuits and that, in the Walmart suit, the court had applied the "customer-suit" exception to sever and stay the claims premised on Plaintiff's products.  These circumstances weighed in favor of applying the "customer-suit" exception.

In its Objection, Defendant contends that the magistrate judge's finding that Amazon agreed to be bound by the Colorado declaratory judgment actions was improper.[1]  But Defendant does not directly refute that Amazon agreed to be bound—it merely argues that the record was inadequate for the magistrate judge to draw such a conclusion.  Notably, in the Walmart suit, the court specifically found that Walmart did agree to be bound by the outcomes of the declaratory judgment actions.  *Flygrip, Inc. v. Walmart Inc.*, 2022 WL 2373714, at *3 (W.D. Tex. June 29, 2022) (granting in part and denying in part Walmart's motion to transfer).  But even putting that finding aside, the Court agrees with the magistrate judge's determination that Defendant has not shown that its proposal to stay, dismiss, or transfer this action is more efficient than allowing it to proceed in this District.  As noted by the magistrate judge, due to the procedural posture of this case, the preferred outcome of having one proceeding resolve all issues in all proceedings does not appear possible.  Accordingly, the Court finds that application of the "customer-suit" exception is appropriate under the circumstances.

### D.      Subject Matter Jurisdiction

In its Motion to Dismiss, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims pertaining to the '671, '098, and '535 patents because (1) it has not asserted these patents in connection with any of Plaintiff's products in the Texas lawsuits, (2) its enforcement letter to Plaintiff did not allege infringement of these patents, and (3) it has offered Plaintiff a release as to past infringement for these patents.

The magistrate judge found that Defendant's enforcement letter to Plaintiff was sufficient to establish a case or controversy related to the '671, '098, and '535 patents, noting that it identified all four of the patents at issue and expressly cited a specific instance of alleged

---

[1] Defendant does not object to the magistrate judge's determination that Walmart has agreed to be bound.

infringement pertaining to the '024 patent "by way of example only." The magistrate judge also found Defendant's offer to provide a release based on any past infringement of these patents was insufficient to divest the Court of jurisdiction.

After the Recommendation was issued, Defendant filed a Notice stating that it unconditionally and irrevocably covenants not to sue Plaintiff or its suppliers or customers, now or in the future, for infringement of the '671, '098, and '535 patents. (ECF No. 55.) *See Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (concluding covenant not to sue extinguished any current or future case or controversy between the parties and divested the district court of subject matter jurisdiction). However, any argument based on this new evidence was not before the magistrate judge, and therefore it is waived for purposes of objecting to the Recommendation.[2] Defendant makes no other argument regarding its previously offered release or the magistrate judge's conclusion that the Court has subject matter jurisdiction over these claims. Therefore, the Court accepts and adopts the magistrate judge's analysis of this issue.

### E.       Failure to State a Claim

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and

---

[2] Of course, nothing in this Order precludes Defendant from moving for partial summary judgment on this basis.

courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

Here, the magistrate judge concluded that Plaintiff's allegations were sufficient to provide effective notice to Defendant and to state legally cognizable claims.

In its Objection, Defendant argues that the magistrate judge erred by applying "an expansive view" of the allegations in Defendant's complaint and "a narrow view" of the allegations in Plaintiff's complaint. (ECF No. 56 at 4.) But Defendant fails to explain how the magistrate judge's analysis of its allegations in the Texas lawsuits is relevant to whether Plaintiff has stated a claim in this case. Nor does it meaningfully address the magistrate judge's determination that Plaintiff's "identification of an exemplary product line and 'related products' sufficiently put [Defendant] on notice of the products and technology at issue in this case and provides the Court with manageable claims." (ECF No. 53 at 48.) Therefore, the Objection is overruled on this basis as well.

## IV.   CONCLUSION

Accordingly, the Court OVERRULES Defendant's Objection (ECF No. 56), ACCEPTS the Recommendation (ECF No. 53), and DENIES the Motion to Dismiss (ECF No. 11).

DATED this 16th day of December, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge